IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON

JOHN THOMAS GREGG,
                                            Civil No. 04-265-AS
        Petitioner,
                                        FINDINGS AND RECOMMENDATION
    v.

MIKE GOWER,

        Respondent.

        FRANCESCA FRECCERO
        Assistant Federal Public Defender
        101 S.W. Main Street
        Suite 1700
        Portland, OR  97204

            Attorney for Petitioner

        HARDY MYERS
        Attorney General
        YOULEE YIM YOU
        Assistant Attorney General
        Department of Justice
        1162 Court Street N.E.
        Salem, OR  97301

            Attorneys for Respondent

    1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the court is the Petition for Writ of Habeas Corpus (#1). For the reasons that follow, the Petition should be DENIED, and this action should be DISMISSED.

## BACKGROUND

Petitioner challenges his November 2000 conviction for felony Driving Under the Influence of Intoxicants ("DUII") under Or. Rev. Stat. § 813.010(5), which requires felony prosecution for a DUII offense when a defendant has at least three prior DUII convictions in the preceding 10 years. The effective date of the statute was December 31, 1999. Petitioner had seven previous DUII convictions in 1990, 1991, and 1992.

At trial, Petitioner argued prosecution under the new law violated the *Ex Post Facto* Clause of the United States Constitution because it constituted additional punishment for his prior DUII convictions. The trial judge rejected Petitioner's argument. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Gregg, 184 Or. App. 226, 56 P.3d 968 (2002), rev. denied, 335 Or. 422, 69 P.3d 1232 (2003).

Petitioner filed this action on February 20, 2004. Petitioner alleges his prosecution for felony DUII under Or. Rev.

2 - FINDINGS AND RECOMMENDATION -

Stat. § 813.010(5), as based in part upon his prior DUII convictions, violated the *Ex Post Facto* Clause of the United States Constitution because the prior convictions became an "element" of the new crime.[1]  Respondent argues the state court decision denying relief on this basis is entitled to deference.

**DISCUSSION**

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially

---

[1] Petitioner alleged four additional grounds for relief in his Petition.  In his Memorandum in Support of Habeas Corpus Petition, however, he concedes two of the four present questions of state law only, and the remaining two claims are procedurally defaulted.  Accordingly, the sole claim remaining before the court is Petitioner's *ex post facto* challenge.

3 - FINDINGS AND RECOMMENDATION -

indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412 (2000); Ramdass v. Angelone, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. Williams, 529 U.S. at 412; Ramdass, 530 U.S. at 166. In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003) (citing Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), cert. denied, 541 U.S. 1037 (2004).

The Constitution prohibits states from passing any "*ex post facto* Law." U.S. Const., Art. I, § 10. A law is an *ex post facto* law if it meets two conditions. First, "it must apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003). Second, it must disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. (citations omitted).

In McDonald v. Massachusetts, 180 U.S. 311 (1901), the Supreme Court considered an *ex post facto* challenge to a Massachusetts' habitual offender statute on the ground that it

4 - FINDINGS AND RECOMMENDATION -

imposed an additional punishment for prior crimes. The Court rejected this argument, finding the habitual offender statute imposed punishment for the new offense that was committed after its passage. Id. at 312-13.

In Gryger v. Burke, 334 U.S. 728 (1948), the Supreme Court rejected a similar challenge to a Pennsylvania habitual offender statute that provided for an enhanced sentence for defendants who committed more than three offenses. The Court concluded that the sentence resulting from application of the habitual offender statute was not additional punishment for the earlier offenses, but, rather, "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 732.

In Russell v. Gregoire, 124 F.3d 1079 (9th Cir. 1997), cert. denied, 523 U.S. 1007 (1998), the Ninth Circuit rejected an argument that by making a prior crime an element of an offense of conviction, a statute punishes the offender more seriously for conduct that occurred before the effective date of the statute. As the court noted "[i]t is hornbook law that no *ex post facto* problem occurs when the legislature creates a new offence that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed." Id. at 1088-89.

The trial judge did not err in rejecting Petitioner's *ex post facto* argument. The judge's decision was neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, the state court decision is entitled to deference, and Petitioner is not entitled to the relief sought herein.

### RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus (#1) be DENIED, and that this action be DISMISSED.

### SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 3, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __14__ day of February, 2006.

      /s/Donald C. Ashmanskas
      Donald C. Ashmanskas
      United States Magistrate Judge